**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No.

TIFFANY MCCRAY,

        Plaintiff,

v.

WINDHAM PROFESSIONALS, INC., a Massachusetts corporation,

        Defendant.

---

**COMPLAINT AND JURY DEMAND**

---

**JURISDICTION**

1.     Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

2.     This action arises out of the Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter the "FDCPA").

**VENUE**

3.     Venue is proper in this Judicial District because the acts and transactions occurred in this Judicial District.

4.     The Plaintiff resides in this Judicial District.

5.     Defendant, Windham Professionals, Inc., (hereinafter: "WPI") transacts business in this Judicial District.

**PARTIES**

6.     Plaintiff, Tiffany McCray, is a natural person.

7.      The Plaintiff resides in the City of Denver, County of Denver, State of Colorado.

8.      The Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

9.      WPI is a Massachusetts corporation operating from an address at 380 Main Street, Salem, New Hampshire, 03079.

10.     WPI's registered agent in the state of Colorado is Machol & Johannes, LLC, 600 17th Street, Suite 800 North, Denver, Colorado, 80202.

11.     WPI is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

12.     WPI is licensed as a collection agency by the state of Colorado.

13.     The principal purpose of WPI is the collection of debts using the mails and telephone.

14.     WPI regularly attempts to collect debts alleged to be due another.

## FACTUAL ALLEGATIONS

15.     Sometime before June 2008 the Plaintiff allegedly incurred a financial obligation that was primarily for personal, family or household purposes namely an amount due and owing on a personal account with Sallie Mae (hereinafter the "Account").

16.     The Account is a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

17.     The Account went into default with Sallie Mae.

18.     After the Account went into default Sallie Mae hired WPI to collect the Account.

19.     Sallie Mae placed or otherwise transferred the Account to WPI for collection from the Plaintiff.

20.     The Plaintiff disputes the Account.

21.     The Plaintiff requests that WPI cease all communication on the Account.

22.  In 2009 the Plaintiff received telephone calls from WPI and / or representatives, employees and / or agents of WPI who were attempting to collect the Account.

23.  In June 2009 and July 2009 the Plaintiff received telephone calls from WPI and / or representatives, employees and / or agents of WPI who were attempting to collect the Account.

24.  In 2009 the Plaintiff called WPI and / or representatives, employees and / or agents of WPI in response to the telephone calls.

25.  The telephone calls each individually constituted a "communication" as defined by FDCPA § 1692a(2).

26.  The only reason that WPI and / or representatives, employees and / or agents of WPI made telephone calls to the Plaintiff was to attempt to collect the Account.

27.  The only reason that WPI and / or representatives, employees and / or agents of WPI had telephone conversations with the Plaintiff was to attempt to collect the Account.

28.  The only reason that WPI and / or representatives, employees and / or agents of WPI received telephone call(s) from the Plaintiff was to attempt to collect the Account.

29.  During the telephone calls WPI and / or representatives, employees and / or agents of WPI attempting to collect the Account falsely threatened to take a judgment against the Plaintiff.

30.     During the telephone calls WPI and / or representatives, employees and / or agents of WPI attempting to collect the Account falsely threatened to garnish the Plaintiff's disability income.

31.     During the telephone calls WPI and / or representatives, employees and / or agents of WPI attempting to collect the Account falsely threatened the Plaintiff that she would not be able to get a house or a car in the future.

32.     WPI did not have the authority to take a judgment against the Plaintiff at the times that WPI and / or representatives, employees and / or agents of WPI had telephone conversations with the Plaintiff.

33.     WPI did not intend to take a judgment against the Plaintiff at the times that WPI and / or representatives, employees and / or agents of WPI had telephone conversations with the Plaintiff.

34.     WPI had not fulfilled all of the requirements necessary to take a judgment against the Plaintiff at the times that WPI and / or representatives, employees and / or agents of WPI had telephone conversations with the Plaintiff.

35.     WPI did not have the authority to garnish the Plaintiff's disability income at the times that WPI and / or representatives, employees and / or agents of WPI had telephone conversations with the Plaintiff.

36.     WPI did not intend to garnish the Plaintiff's disability income at the times that WPI and / or representatives, employees and / or agents of WPI had telephone conversations with the Plaintiff.

37.     WPI had not fulfilled all of the requirements necessary to garnish the Plaintiff's disability income at the times that WPI and / or representatives, employees and / or agents of WPI had telephone conversations with the Plaintiff.

38.     WPI was sued 15 times in the U.S. District Court(s) between January 1, 2007 and July 17, 2009 for alleged FDCPA violations.

39.     Russell A. Davis filed a Complaint against WPI on February 21, 2007 in the U.S. District Court for the Southern District of California, Case number: 07-cv-00339-WQH-RBB.

40.     The Complaint alleges FDCPA violations by WPI.

41.     Barbara Jenings filed a Complaint against WPI on April 20, 2009 in the U.S. District Court for the Southern District of California, Case number: 09-cv-00826-MMA-WMC.

42.     The Complaint alleges FDCPA violations by WPI.

43.     Jennifer Altounian filed a Complaint against WPI on May 4, 2009 in the U.S. District Court for the Central District of California, Case number: 09-cv-03153-RC.

44.     The Complaint alleges FDCPA violations by WPI.

45.     Craig St. John filed a Complaint against WPI on March 20, 2009 in the U.S. District Court for the District of Arizona, Case number: 09-cv-00564-FJM.

46.     The Complaint alleges FDCPA violations by WPI.

47. Brandon Nelson filed a Complaint against WPI on May 22, 2008 in the U.S. District Court for the Western District of Missouri, Case number: 08-cv-00388-FJG.

48. The Complaint alleges FDCPA violations by WPI.

49. Heidi Neuer filed a Complaint against WPI on February 19, 2009 in the U.S. District Court for the District of Minnesota, Case number: 09-cv-00395-RHK-RLE.

50. The Complaint alleges FDCPA violations by WPI.

51. Alex Koester filed a Complaint against WPI on February 19, 2009 in the U.S. District Court for the District of Minnesota, Case number: 09-cv-00396-ADM-RLE.

52. The Complaint alleges FDCPA violations by WPI.

53. Wayne Griffis filed a Complaint against WPI on July 8, 2009 in the U.S. District Court for the Middle District of Florida, Case number: 09-cv-01276-VMC-TBM.

54. The Complaint alleges FDCPA violations by WPI.

55. Schannel Wall filed a Complaint against WPI that was removed by WPI on May 11, 2007 to the U.S. District Court for the Northern District of Ohio, Case number: 07-cv-01371-PCE.

56. The Complaint alleges FDCPA violations by WPI.

57. Michelle Stern filed a Complaint against WPI that was removed by WPI on December 12, 2008 to the U.S. District Court for the Middle District of Florida, Case number: 08-cv-02462-JSM-EAJ.

58. The Complaint alleges FDCPA violations by WPI.

59.    Charles McKinney filed a Complaint against WPI on May 18, 2009 in the U.S. District Court for the Northern District of Illinois, Case number: 09-cv-02988.

60.    The Complaint alleges FDCPA violations by WPI.

61.    Joyce Grabil filed a Complaint against WPI on June 1, 2009 in the U.S. District Court for the Northern District of Illinois, Case number: 09-cv-03305.

62.    The Complaint alleges FDCPA violations by WPI.

63.    Danelle T. Scalera filed a Complaint against WPI that was removed by WPI on August 22, 2007 to the U.S. District Court for the District of New Jersey, Case number: 07-cv-04035-KSH-PS.

64.    The Complaint alleges FDCPA violations by WPI.

65.    Sharmaine Scott filed a Complaint against WPI on November 30, 2007 in the U.S. District Court for the Northern District of Illinois, Case number: 07-cv-06764.

66.    The Complaint alleges FDCPA violations by WPI.

67.    Justin Wehner filed a Complaint against WPI on June 28, 2007 in the U.S. District Court for the Eastern District of Michigan, Case number: 07-cv-012737-VAR-DAS.

68.    The Complaint alleges FDCPA violations by WPI.

69.    The FDCPA is a strict liability statute.

70.    The FDCPA provides one defense to liability under the statute.

71.    The FDCPA provides the defense at 15 U.S.C. 1692k(c).

72.    15 U.S.C. 1692k(c) states:

"A debt collector may not be held liable in any action brought under this title if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error."

73. The defense provided at 15 U.S.C. 1692k(c) does not apply to WPI.

74. WPI's violations of the FDCPA were intentional.

75. WPI does not maintain procedures reasonably adapted to avoid the FDCPA violations claimed by the Plaintiff.

76. The lawsuits listed above filed against WPI in U.S. District Court(s) across the United States show that WPI has made violating the FDCPA part of its business practice.

77. FDCPA 15 U.S.C. 1692k(a) and (a)(2)(A) provides for statutory damages not exceeding $1,000.00 against a debt collector who fails to comply with the FDCPA.

78. FDCPA 15 U.S.C. 1692k(b) states: "In determining the amount of liability in any action under subsection (a), the court shall consider, among other relevant factors –"

79. FDCPA 15 U.S.C. 1692k(b)(1) states: "in any individual action under subsection (a)(2)(A), the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional; or"

80. The Plaintiff submits that she is entitled to statutory damages of $1,000.00 as the

Plaintiff has shown by the facts in the present case as well as the other cases listed above the frequency and persistence of WPI's noncompliance, the nature of WPI's noncompliance and the extent to which WPI's noncompliance is intentional.

81.   No legal action(s) have been filed on the Account.

82.   No legal action(s) have been filed on the Account by WPI.

83.   No judgments have been entered on the Account.

84.   No writ of garnishments have been entered on the Account.

85.   WPI has not garnished the Plaintiff's disability income.

86.   WPI kept written and / or typed computer records of all telephone contacts by WPI and / or representatives, employees and / or agents of WPI with the Plaintiff and any third parties on the Account as well as any voicemail messages left for the Plaintiff by WPI and / or representatives, employees and / or agents of WPI.

87.   The statements and actions were undertaken by WPI and its representatives, employees and / or agents as part of a campaign of abusive and unlawful collection tactics directed at the Plaintiff.

88.   WPI and its representatives, employees and / or agents statements and actions constitute harassment or abuse and therefore violate FDCPA 1692d preface and d(2).

89.   WPI and its representatives, employees and / or agents statements and actions constitute false and misleading representations and means and violate FDCPA 1692e preface, e(2)(A), e(3), e(4), e(5), e(10) and e(11).

90.     WPI and its representatives, employees and / or agents statements and actions constitute unfair or unconscionable means to collect or attempt to collect a debt and violate FDCPA 1692f preface.

91.     WPI's statements and actions as well as that of its representatives, employees and / or agents were attempts to frighten, harass and abuse the Plaintiff into paying the alleged debt.

92.     WPI's statements and actions as well as that of its representatives, employees and / or agents were willful and intentional violations of the FDCPA.

93.     As a consequence of WPI's collection activities and communications, the Plaintiff has sustained actual damages.

## RESPONDEAT SUPERIOR

94.     The representatives and / or collectors at WPI were employees of and agents for WPI at all times mentioned herein.

95.     The representatives and / or collectors at WPI were acting within the course of their employment at all times mentioned herein.

96.     The representatives and / or collectors at WPI were acting within the scope of their employment at all times mentioned herein.

97.     The representatives and / or collectors at WPI were under the direct supervision and control of WPI at all times mentioned herein.

98.     The actions of the representatives and / or collectors at WPI are imputed to their employer, WPI.

99.    As a direct and proximate result of the aforesaid actions, the Plaintiff has suffered the aforementioned damages.

## COUNT I, FDCPA VIOLATIONS

100.    The previous paragraphs are incorporated into this Count as if set forth in full.

101.    The acts and omissions of WPI and its representatives, employees and / or agents constitute numerous and multiple violations of the FDCPA, including but not limited to § 1692d preface, d(2),  § 1692e preface, e(2)(A), e(3), e(4), e(5), e(10), e(11) and § 1692f preface.

102.    The violations are multiple, willful and intentional.

103.    Pursuant to FDCPA section 1692k the Plaintiff is entitled to actual damages, statutory damages up to $1,000.00, reasonable attorney's fees and costs.

## JURY TRIAL DEMAND

The Plaintiff is entitled to and hereby demands a trial by jury.  U.S. Const. amend. 7.,

Fed. R. Civ. Pro. 38.

## PRAYER

**WHEREFORE**, the Plaintiff prays that the Court grants the following:

1.    Actual damages under 15 U.S.C. § 1692k(a)(1).

2.    Statutory damages of $1,000.00 under 15 U.S.C. § 1692k(a)(2)(A).

3.    Reasonable attorneys fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

4.    Such other and further relief as the Court deems just and proper.

Respectfully submitted,

 s/ David M. Larson_____
David M. Larson, Esq.
405 S. Cascade Avenue, Suite 305
Colorado Springs, CO 80903
(719) 473-0006
Attorney for the Plaintiff